BEFORE THE FIRST DIVISION, AUGUST 27, 1957

**No. 61169.**—J. E. Bernard & Co. *v.* United States, protest 279414–K (B)/7741 (Chicago).

Opinion by MOLLISON, J.  The protest was dismissed.

**No. 61170.**—Cleveland Worsted Mills Co. *v.* United States, protests 153529–K and 153530–K (Cleveland).

Opinion by WILSON, J.  It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159.  Said instructions were issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492).  In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.  Accordingly, the wool in question was held dutiable at the rates applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content Under T. D. 53159" in schedule "A," attached to and made a part of the decision in this case.

BEFORE THE SECOND DIVISION, AUGUST 27, 1957

**No. 61171.**—Charles Garcia & Co., Inc., et al. *v.* United States, protests 293139–K, etc. (New York).

Opinion by FORD, J.  In accordance with stipulation of counsel that the merchandise consists of fishing lines the same in all material respects as those the subject of Abstract 60183, the claim of the plaintiffs was sustained.